UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

DAVID KANTNER and                         :
SUNNI KANTNER,                            :
        Plaintiffs,                 :
    v.                                    :    No. 5:15-cv-01039
                                    :
SEARS AND ROEBUCK, INC,                   :
        Defendant.                  :

**MEMORANDUM AND ORDER**

**Plaintiffs' Motion for Summary Judgment, ECF No. 28 –
Granted in part and denied in part**

Presently before the Court is Plaintiffs' Motions for Summary Judgment, ECF No. 28.[1] For the reasons stated below, the Court grants Plaintiffs' Motion in part.

**I.     Background**

On December 23, 2015, Plaintiffs filed the present Motion. Plaintiffs move that each of the seventeen affirmative defenses asserted by Defendant in its Answer, ECF No. 4, "be stricken" from this case in order to "sanction Defendant for its bad faith behavior in failing to provide complete answers" to Plaintiffs' First Set of Interrogatories and Request for Production of Documents. Pls.' Mot. Summ. J. ¶ 12. In the alternative, Plaintiffs contend that the Court should strike the affirmative defenses because they "are not appropriate in this case and are not supported on the record." Id. ¶ 13. With respect to this alternative basis for Plaintiffs' Motion, Plaintiffs contend that a court "can strike an affirmative defense when it is legally insufficient to prevent recovery under any statement of facts reasonably able to be inferred from the well

---

[1] ECF No. 30 contains exhibits to the Motion.

pleaded allegations of the answer." Pls.' Mem. Supp. Mot. 7, ECF No. 28-1 (quoting Warner/Chappel Disc, Inc. v. Pilz Compact Disc, Inc., No. CIV. A. 99-293, 1999 WL 999332, at *3 (E.D. Pa. Oct. 26, 1999)).

On January 6, 2016, the Court held a telephone conference with counsel for both parties concerning the issues raised in Plaintiffs' Motion. Following the conference, the Court ordered Defendant to provide the supplemental answers sought by Plaintiffs. See Order, ECF No. 32. In addition, the Court ordered counsel for both parties to confer regarding Plaintiffs' Motion and set a deadline of January 25, 2016, for Defendant to file its response to the Motion if the parties were unable to resolve the issues. Defendant filed its response on January 25, 2016. ECF No. 35.

Defendant asserts that the parties have resolved the issue of Defendant's answers to Plaintiffs' interrogatories. Def.'s Mem. Opp'n Pls.' Mot. 6, ECF No. 36. Further, Defendant contends that its defenses are "supported by the record or, at the very least, raise issues of material fact in this case." Id. at 7. However, Defendant acknowledges that "based on the discovery conducted to date, certain of Defendant's Affirmative Defenses appear inapplicable to this case; specifically, Defendant's Second, Eighth, Ninth, Thirteenth, Fourteenth, Fifteenth, Sixteenth, and Seventeenth Affirmative Defenses." Id. at 4 n.1. Defendant contends that it "reserves the right to assert each of these Affirmative Defenses at a later point in the proceedings should it become applicable." Id.

## II.   Legal Standard – Motion for Summary Judgment

Summary judgment is appropriate if the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if the fact "might affect the outcome of the suit under the governing law," Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986), and a dispute is

genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," id. When the evidence favoring the nonmoving party is "merely colorable" or "not significantly probative, summary judgment may be granted." Id. at 249–50 (citations omitted). The parties must support their respective contentions—that a fact cannot be or is genuinely disputed—by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute." Fed. R. Civ. P. 56(c)(1). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

**III.     Analysis**

An affirmative defense must "provide fair notice of the issue involved." Tyco Fire Products LP v. Victaulic Co., 777 F. Supp. 2d 893, 900 (E.D. Pa. 2011). "Although the standard is very low, a defendant must state some basis for asserting an affirmative defense, and may not merely recite all potential affirmative defenses available." All. Indus. Ltd. v. A-1 Specialized Servs. & Supplies, Inc., No. CIV.A. 13-2510, 2014 WL 4548474, at *2 (E.D. Pa. Sept. 11, 2014). "The Federal Rules of Civil Procedure do not provide a mechanism for a party to 'reserve the right' to assert a defense. Under the plain language of Rule 8, a claim or defense is either asserted or it is not." Messick v. Patrol Helicopters, Inc., No. CV-07-039-BU-CSO, 2007 WL 2484957, at *4 (D. Mont. Aug. 29, 2007). Accordingly, "[m]any courts considering the question of 'reserved' affirmative defenses have stricken those defenses from the pleadings." Id. (collecting cases).

"Courts differ as to whether a motion for summary judgment is the appropriate procedure by which to challenge an affirmative defense." Prof'l Buyer's Guild, LLC v. Ace Fire

Underwriter Ins. Co., No. CIV. 06-2127 (GEB), 2007 WL 3227183, at *1 n.1 (D.N.J. Oct. 30, 2007).

> Some courts rule that a Rule 12(f) motion to strike is the proper procedure to strike an affirmative defense and that parties may not move for partial summary judgment on affirmative defenses. 10B Charles Alan Wright et al., Federal Practice and Procedure § 2737 (3d ed. 2004) (citing Bernstein v. Universal Pictures, Inc., 379 F. Supp. 933 (D.C.N.Y.1974) and Uniroyal, Inc. v. Heller, 65 F.R.D. 83 (S.D.N.Y. 1974)). Other courts allow partial summary judgment, as it "enable[s] the district court to enter an order indicating that the defense in [sic] no longer in controversy" and is not limited to the pleadings like a motion to strike. 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1381 (3d ed. 2004); 10B Charles Alan Wright et al., supra, § 2737.

U.S. ex rel. King v. Solvay S.A., 304 F.R.D. 507, 510 (S.D. Tex. 2015). The court finds the latter approach appropriate under the facts of this case. "The effect of a grant of partial summary judgment in this situation is that the affirmative defenses are stricken." Sterling Bank v. Sterling Bank & Trust, FSB, 928 F. Supp. 1014, 1018 (C.D. Cal. 1996), vacated pursuant to settlement (July 5, 1996).

Here, Defendant provides no evidence in support of its Second, Eighth, Ninth, Thirteenth, Fourteenth, Fifteenth, Sixteenth, and Seventeenth Affirmative Defenses. Rather, as set forth above, Defendant acknowledges that "based on the discovery conducted to date" these defenses "appear inapplicable to this case." Accordingly, because Defendant has provided no evidence in support of these defenses, the Court grants summary judgment to Plaintiffs on each of them.

Further, the Court finds that Defendant has not shown that there is a genuine dispute of material fact as to Defendant's First Affirmative Defense, which states that "Plaintiffs' Complaint must be dismissed for failure to state a claim upon which relief can be granted." Defendant has failed to set forth evidence that Plaintiffs can prove no set of facts in support of their claims. Accordingly, the Court grants summary judgment to Plaintiffs on Defendant's First Affirmative Defense.

The Court finds that there are genuine disputes of material facts as to Defendant's Third, Fourth, Fifth, Sixth, Seventh, Tenth, Eleventh, and Twelfth Affirmative Defenses. Accordingly, the Court denies Plaintiffs' Motion as to these defenses.

## IV.  Order

ACCORDINGLY, this 24th day of February, 2016, **IT IS ORDERED** that Plaintiffs' Motion for Summary Judgment, ECF No. 28[2] is **GRANTED in part** and **DENIED in part** as follows:

1. Summary Judgment is **GRANTED** to Plaintiffs as to Defendant's First, Second, Eighth, Ninth, Thirteenth, Fourteenth, Fifteenth, Sixteenth, and Seventeenth Affirmative Defenses.

2. In all other respects, Plaintiffs' Motion is **DENIED**.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*_____
JOSEPH F. LEESON, JR.
United States District Judge

---

[2]  As noted above, ECF No. 30 contains exhibits to the Motion.